IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NOR T. THOMAS, JR.** <br><br> Petitioner, <br><br> v. <br><br> **DAVID LOUTHAN**, Warden, <br><br> Respondent. | **Case No. 21-CV-376-JFH-KEW** |

**OPINION AND ORDER**

This action is before the Court on Respondent's motion to dismiss Petitioner's amended petition for writ of habeas corpus as barred by the statute of limitations and as failing to state a cognizable claim. Doc. No. 24. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. The petition was originally filed under 28 U.S.C. § 2254, but because Petitioner is challenging the execution of his sentences rather than the validity of the same, the Court construed Petitioner's amended petition as arising under 28 U.S.C. § 2241. Doc. No. 21.

Petitioner is challenging the administration of two state sentences—one from Tulsa County District Court, Case No. CF-1996-2351, and one from Washington County District Court, CF-2004-513—wherein Petitioner pleaded guilty to each and was sentenced to 20 years' incarceration for each. Doc. No. 13 at 1-2. He alleges his sentences should have run concurrently rather than consecutively. *Id.* at 5. Respondent contends that Petitioner's petition is untimely, does not state a claim, and that he is "properly incarcerated." Doc. No. 24.

I.      PROCEDURAL BACKGROUND

On May 20, 1996, Petitioner was charged in Tulsa County District Court case, No. CF-1996-2351, with one count of Robbery with Firearm, After Former Conviction of a Felony. *See* Oklahoma State Courts Network ("OSCN") at http://www.oscn.net.[1] On July 26, 1996, he pleaded guilty and was sentenced to 20 years' incarceration. *See* Doc. No. 24-4. He did not move to withdraw his plea or file an application for post-conviction relief. *See* OSCN. On April 29, 2002, Petitioner was granted parole by the Governor of Oklahoma, subject to certain rules and conditions. Doc. No. 24-5.

On October 25, 2004, Petitioner was charged in Washington County District Court Case No. CF-2004-513, with one count of Robbery with Weapon, After Former Conviction of Two or More Felonies. *See* OSCN. On December 28, 2004, a probable cause hearing regarding his parole was held, and Petitioner waived an executive parole revocation hearing on that date. Doc. No. 24-6. On April 25, 2005, Petitioner's parole was revoked by the Governor, because he had violated numerous rules and conditions of parole. Doc. No. 24-6. The Certificate of Parole Revocation stated that Petitioner would not receive any credit for street time. *Id.*

The record shows that on January 19, 2005, in the Washington County Case, Petitioner pleaded guilty and was sentenced to 20 years in DOC consecutive to the Tulsa County Case, completion of a drug program, costs and fines. *See* OSCN. Petitioner sought to withdraw his guilty plea on January 24, 2005. *Id*. On March 4, 2005, the Washington County District Court heard Petitioner's motion to withdraw guilty plea and denied the same. *Id*. Petitioner appealed the denial of the motion to withdraw his guilty plea, and on January 18, 2006, the Oklahoma Court

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

of Criminal Appeals ("OCCA") denied Petitioner relief. *Id*.; *see also Thomas v. State*, No. C-2005-250 (OCCA Jan. 18, 2006).

Petitioner also filed numerous motions in his Washington County case. Relevant to this proceeding, Petitioner filed a pro se request for modification of his sentence on July 11, 2005, due to his belief the trial court misconstrued the range of punishment. *State v. Thomas*, No. CF-2004-513 (Washington Cnty. Dist. Ct. July 11, 2005). This motion was denied on April 24, 2006. *Id*. Petitioner then filed a motion for suspended sentence on January 26, 2006, which was denied on December 29, 2006. *Id*. Finally, on June 16, 2006, Petitioner filed an application for post-conviction relief that was appealed and denied by the OCCA on February 20, 2007. *Id*. From February 20, 2007, until March 31, 2010, no further activity occurred in Petitioner's Washington County case. *See* OSCN.

In addition to the numerous filings in his Washington County case, Petitioner also filed two other suits seeking a writ of mandamus against the Oklahoma Department of Corrections, raising issue with the administration of his sentences. *Thomas v. Okla. Dep't. of Corr.*, No. CV-2015-1584 (Okla. Cnty. Dist. Ct. 2015) was filed on August 27, 2015, and consolidated with Petitioner's already pending suit seeking the same relief to have his sentences administered concurrently. *Thomas v. Okla. Dep't. of Corr.*, No. CV-2015-1470 (Okla. Cnty. Dist. Ct. 2015) was filed by Petitioner on August 12, 2015, and on June 3, 2016, the OCCA affirmed the trial court's denial of relief. *See also Thomas v. State of Okla.*, No. HC-2021-1137 (Okla. Crim. App. Oct. 27, 2021).

## II.   STATUTE OF LIMITATIONS

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The statute provides that:

3

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Section 2244(d)'s one-year limitation period also applies to § 2241 habeas actions. *See Burger v. Scott*, 317 F.3d 1133, 1136-1137 (10th Cir. 2003).

Respondent argues Petitioner is untimely under 28 U.S.C. § 2244(d), because Petitioner discovered the discrepancy in his sentencing in 2015 and failed to act after the OCCA disposed of the matter on June 3, 2016, until the filing of his habeas petition on November 11, 2021. Doc. No. 24 at 2-4. Respondent also argues Petitioner cannot rely on equitable tolling, because Petitioner has failed show the delay in filing was caused by "extraordinary circumstances beyond his control." *Id*. at 4-5.

Next, Respondent argues that Petitioner's petition does not cite to or present a violation of the United State Constitution, United States laws, or treaties as required by 28 U.S.C. § 2241, and thus does not present a cognizable claim. Doc. No. 24 at 5-6. Finally, Respondent argues Petitioner is properly incarcerated, because Oklahoma law presumes sentences to run

4

consecutively, unless ordered otherwise. *Id*. at 6; OKLA. STAT. tit. 21, § 61.1. In Petitioner's case, no sentencing court or other proper authority has ordered Petitioner's sentences to run concurrently. Doc. No. 24 at 6-8. Thus, Petitioner's sentences are currently being administered properly. *Id*. at 8.

Petitioner asserts he became aware that his sentences from Tulsa County and Washington County ran consecutively in January 2015 when he requested a transfer to a lower security prison and was rejected. Doc. No. 13 at 3. He states his case manager advised him that his parole revocation was rebilled after discharge from his Washington County case. *Id*. This was contrary to his belief that his sentences ran concurrently. *Id*. Petitioner filed numerous pleadings in his Washington County Case, as well as filing two action in Oklahoma County seeking writs of mandamus, challenging the administration of his sentence. *See* OSCN.

Under 28 U.S.C. § 2244(d)(1), Petitioner's statute of limitations began to run on either the date on which his judgment became final, 28 U.S.C. § 2244(d)(1)(A), or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, 28 U.S.C. § 2244(d)(1)(A), whichever is later.

**A. Date Petitioner's Judgment Became Final**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final at the conclusion of direct review or the expiration of the time for seeking such review. As set forth above, the OCCA affirmed Petitioner's judgment on January 18, 2006. *Thomas*, No. C-2005-250. His conviction, therefore, became final on April 19, 2006, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the

United States Supreme Court has passed). The statutory year began to run the next day on April 20, 2006, and it expired on April 20, 2007. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

### B. Date the Factual Predicate Could Have Been Discovered

Contrary to Petitioner's contention, the record reflects that he was advised on January 19, 2005, at his plea hearing that his sentence in his Washington County case, No. CF-2004-513, would run consecutively with his Tulsa County sentence. *See* OSCN. The record reflects that Petitioner was present at this hearing, advised of his rights, pleaded guilty, and heard the State's recommendation of 20 years' imprisonment to be served consecutively to the parole revocation in his Tulsa County case. Doc. No. 24-4. The Washington County District Court accepted the State's recommendation and ordered Petitioner's sentences to run consecutively. *Id*. Therefore, the Court finds Petitioner knew or should have known the factual predicate for his claim on January 19, 2005.

Because the date on which the judgment became final is the later date, Petitioner's one-year statute of limitation began April 20, 2006. Petitioner failed to file his habeas petition within one year or by April 20, 2007, therefore his petition is untimely, unless he can show his statute of limitations should be tolled. 28 U.S.C. § 2244(d).

### III. STATUTORY TOLLING

28 U.S.C. § 2244(d)(2) provides the time during which a properly filed application for post-conviction or other collateral review is pending shall not be counted toward any period of limitation. *See Burger*, 317 F.3d at 1136-1137 (10th Cir. 2003) ("Congress did not draft the federal limitations period to begin running only at the end of a particular state's exhaustion process.

6

Instead, the statute is clear that the limitations period starts from the latest of four specific dates, but that the period may be tolled once the state court exhaustion process has begun."). State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). In Petitioner's response to Respondent's Motion to Dismiss, Petitioner points to no collateral review or application for post-conviction relief that would statutorily toll his time limitations. Doc. No. 25.

Petitioner filed a pro se request for modification of his sentence that was denied on April 24, 2006; a motion for suspended sentence that was denied on December 29, 2006; and an application for post-conviction relief that was appealed and denied by the OCCA on February 20, 2007. *See Thomas*, No. CF-2004-513. From February 20, 2007, until March 31, 2010, Petitioner did not file an application for post-conviction relief or collateral review. Giving Petitioner the benefit of the doubt that each of the aforementioned pleadings tolled Petitioner's statute of limitations pursuant to 28 U.S.C. §2244(d)(2), Petitioner cannot show any collateral review, post-conviction application, or other pleading that would toll his statute of limitations from February 20, 2007, until March 31, 2010. The Court finds Petitioner's limitation period expired February 20, 2008, or one year following the cessation of his collateral review of the challenged judgment and sentence. As such, 28 U.S.C. §2244(d)(2)'s statutory tolling does not save Petitioner's habeas petition from being untimely.

## IV.   EQUITABLE TOLLING

Petitioner argues in his reply that is that he is entitled to equitable tolling because, while he "discovered" this issue in 2015, he was "denied by all facility staff to gain access to his time

sheets." Doc. No. 21 at 2.  Specifically, Petitioner contends that from 2016 to 2021, he made several requests to his case and unit managers asking for his time sheets. *Id*.  Finally in 2021, a new case manager printed his time sheets, which provided him "evidence" to bring his federal claims. *Id*.  Respondent contends that Petitioner has put forth no evidence or valid reason for why he has waited several years after challenging these issues in state court in 2015.  Respondent states that Petitioner has known about his claims since 2015, has raised these claims before the state courts, and yet still waited seven years to bring this claim to the federal courts.  As such, Respondent argues these facts do not qualify Petitioner for equitable tolling.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).  Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1194 (2001)). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient.  Moreover, a petitioner must diligently pursue his federal habeas claims.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citations omitted).

Moreover, courts may excuse noncompliance with the statute of limitations if the prisoner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 14383, 392

(2013). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Actual innocence is not a constitutional claim, rather it serves as a gateway through which a habeas petitioner may pass to gain federal court review of constitutional claims that are otherwise barred by the statute of limitations. *Schlup v. Delo*, 513 U.S. 298, 315 (1995); *McQuiggin*, 569 U.S. at 392.

After careful review, the Court finds Petitioner has not demonstrated any unique, exceptional, rare circumstance, due diligence, or claim of factual innocence deserving of equitable tolling. While Petitioner claims he was denied "evidence," *i.e.*, his time sheets for several years, this did not prevent him from raising these claims before the Oklahoma courts. Petitioner admits he knew in 2015 of a potential issue with the administration of his sentences. Doc. No. 13 at 3. In turn, Petitioner filed suits against the Oklahoma Department of Corrections seeking relief, presumably without his timesheets. When these cases were resolved in 2016, Petitioner did not seek relief in federal court until December of 2021. Further, Petitioner has not shown or put forth argument of actual innocence, and even if Petitioner did, his guilty pleas undermine any argument of actual innocence. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) ("While [the petitioner] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty.").

The Court finds that in January 2005 Petitioner knew or should have known through the exercise of due diligence of the factual predicate he raises in his petition, and Petitioner has shown that he knew of the legal arguments by 2015, when he first raised the claims in *Thomas*, No. CV-2015-1470 and *Thomas*, No. CV-2015-1584. Petitioner points to the inability to obtain time sheets

9

presumably as an extraordinary circumstance that prevented him from filing his habeas petition. But this argument is undermined by Petitioner's presentation of the claims to the Oklahoma courts seven years prior. Either Petitioner had his time sheets in 2015 to bring his claims before the Oklahoma courts or he knew he could proceed without them. Regardless, the Court finds that Petitioner's inability to obtain his time sheets for seven years to be neither an extraordinary circumstance nor an exercise of due diligence.

As such, Petitioner is not entitled to equitable tolling.

V.   **CERTIFICATE OF APPEALABILITY**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

THEREFORE, Respondent's Motion to Dismiss [Doc. No. 24] is GRANTED and Petitioner is denied a certificate of appealability.

IT IS SO ORDERED this 24th day of August 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE